UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JANET M. TUCKER,                                                No. 07-10446

                             Debtor(s).
_____/

JANET M. TUCKER,

                             Plaintiff(s),

     v.                                                                A.P. No. 08-1047

STEPHEN GACH, et al.,

                             Defendant(s).
_____/

Memorandum of Decision After Trial
_____

      Prior to bankruptcy, debtor and plaintiff Janet Tucker was involved in a dispute with her neighbors, defendants Stephen and Pamela Gach, over the boundary between their properties and Tucker's alleged encroachment. The Gachs were represented by defendant Robert Knox.

      Tucker filed her Chapter 7 petition on April 20, 2007, duly scheduling the Gachs as creditors. Knox, who does not know bankruptcy law, called a bankruptcy practitioner for advice and was told that in the ordinary course of events Tucker's discharge would be entered on July 23, 2007, terminating the automatic

1

stay pursuant to § 362(c)(2)(C) of the Bankruptcy Code.[1]

Unfortunately for Knox, the bankruptcy did not proceed in the normal course. On July 2, 2007, the bankruptcy trustee filed an adversary proceeding objecting to Tucker's discharge on the grounds that she had intentionally failed to disclose an interest in property in Mexico in her schedules. Pursuant to Rule 4004(c)(1)(b) of the Federal Rules of Bankruptcy Procedure, the filing of this complaint stayed Tucker's discharge. That adversary proceeding was dismissed pursuant to settlement on October 30, 2007, with Tucker paying $52,000.00 to the trustee. Tucker's discharge was finally entered on February 20, 2008.

In the meantime, on November 15, 2007, Knox filed a state court lawsuit on behalf of the Gachs against Tucker. The complaint sought to quiet title and also sought damages, including punitive damages, for trespass. As soon as Tucker was served, her bankruptcy counsel informed Knox that he had violated the automatic stay. Knox responded by offering to amend his complaint to make it clear that his clients only sought to adjudicate the property rights. Tucker's attorney rejected this offer, and on December 4, 2007, demanded dismissal of the complaint plus $1000.00 in damages. On January 25, 2008, Knox dismissed the state court lawsuit. Some four months later, on April 18, 2008, Tucker filed this adversary proceeding seeking damages for violation of the automatic stay.

There is no doubt that Knox has been grossly incompetent in this matter and continued his incompetence by attempting to represent himself and the Gachs in this adversary proceeding. His only defense is that in a letter written to Tucker five months before he filed the lawsuit he told Tucker he would only seek monetary damages from and after the date of her bankruptcy filing.

As near as the court can determine, Knox has never read any of the relevant provisions of the Bankruptcy Code. Section 362(a)(1) prohibits the commencement of any action against the debtor which could have been commenced prior to the bankruptcy. Since the property dispute existed long before the bankruptcy and could have been brought at any time, the state court lawsuit filed by Knox violated the

---

[1] Tucker's property was abandoned by the bankruptcy trustee on July 31, 2007.

2

automatic stay and would have even if it had limited the prayer for monetary damages to the period after the bankruptcy filing.

Moreover, a "willful violation" of the automatic stay does not require a specific intent to violate the stay. All that is required is knowledge of the stay and an intentional act. A good faith belief that the stay did not apply is no defense. *In re Pace*, 67 F.3d 187, 191 (9th Cir. 1995).

By rights, this adversary proceeding ought to result in a large judgment against Knox as a sanction for attempting to represent clients in an area of law in which he is completely incompetent. The problem is, there is no justice in such a result.

Tucker's discharge should have been entered a few days after July 23, 2007. It was delayed because the trustee uncovered facts which, if proved, would have denied Tucker a discharge. The court is loathe to award Tucker a large judgment based on serendipity, especially since Knox had dismissed his lawsuit voluntarily several months before Tucker filed this adversary proceeding. Her only damages at that point was a few hundred dollars in attorneys' fees, if that.[2]

Moreover, all Knox ever had to do at any stage in this whole process was to seek stay relief, which the court would surely have granted with the simple proviso that no prepetition damages be sought. Even after the stay terminated, he could have asked that the stay be annulled and the court would have granted the request since the stay was only in effect when the lawsuit was filed because Tucker was being investigated for wrongdoing. *Even today, Knox could request this relief.*

The court is faced with balancing equities here. On the one hand, the court is faced with an incompetent attorney who violated the automatic stay. On the other hand, there is a debtor who has incurred little or no damages seeking to turn being investigated for bankruptcy fraud into a windfall

---

[2]Tucker claims as damages $2,000.00 in attorneys fees billed by her bankruptcy attorney. The court is not inclined to award these fees for two reasons. First, the court feels Tucker is not being honest with the court; those fees were probably incurred defending the trustee's lawsuit, not writing one or two letters to Knox. Secondly, her counsel violated FRBP 2016(b) by failing to disclose these additional fees.

The court rejects the claim for attorneys' fees relating to the boundary dispute as not being proximately caused by the violation of the automatic stay. They would have had to be incurred in any event.

3

represented by an attorney who has trumped up her case knowing that an award of attorney's fees is mandatory pursuant to § 362(k)(1) of the Code. *In re Taylor*, 884 F.2d 478, 483 (9th Cir. 1989). As much as the court finds Knox's conduct distasteful, there are ways the court can deal with him without giving a windfall to an undeserving debtor and her greedy counsel.[3]

Accordingly, the court elects to stay this adversary proceeding for 90 days, during which defendants may seek to reopen the bankruptcy case and seek annulment of the automatic stay.[4] Provided, however, that the motion may be made only by competent bankruptcy counsel, not Knox. If the motion to annul the stay is granted, then this adversary proceeding will be dismissed with prejudice and each side bearing its own fees and costs. If the motion is not granted, plaintiff shall have judgment in the amount of $100.00, plus attorneys' fees and costs.

The court will forward a copy of this memorandum to the State Bar of California along with its recommendation that Knox be disciplined for violation of Rule 3-110 of the California Rules of Professional Conduct.

Dated: October 30, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[3]This is not the first time counsel has attempted to turn a technical violation of the automatic stay into a source of revenue. His tactics include intentional rudeness to counsel for defendants in order to keep them locked in litigation and increase his fees.

[4]It is not too late for this relief. *In re Aheong*, 276 B.R. 233 (9th Cir. BAP 2002).

4

| | |
|---|---|
| 1 | CERTIFICATE OF MAILING |
| 2 | The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of |
| 3 | California hereby certifies that a copy of the attached document was mailed to all parties listed below |
| 4 | as required by the Bankruptcy Code and Rules of Bankruptcy Procedure. |

Dated: Oct 30, 2008

*Dawn Passalacqua*
Dawn Passalacqua
Deputy Clerk

Pamela & Stephen Gach
906 9th St.
Hermosa Beach, CA 90254

Robert Knox
319 Miller Ave
Mill Valley, CA 94941

| | |
|---|---|
| 1 | CERTIFICATE OF MAILING |
| 2 | The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of |
| 3 | California hereby certifies that a copy of the attached document was mailed to all parties listed below |
| 4 | as required by the Bankruptcy Code and Rules of Bankruptcy Procedure. |

Dated: Oct 30, 2008

*Dawn Passalacqua*
Deputy Clerk

Pamela & Stephen Gach
906 9th St.
Hermosa Beach, CA 90254

Robert Knox
319 Miller Ave
Mill Valley, CA 94941